**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SECURE CASH NETWORK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1561 |
| | § | |
| WASHINGTON FEDERAL, INC. | § | |
| dba WASHINGTON FEDERAL | § | |
| SAVINGS BANK, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

In this removed case, the defendant, Washington Federal, Inc. dba Washington Federal Savings Bank, moved to dismiss the claims asserted by the plaintiff, Secure Cash Network, Inc., for fraud, breach of fiduciary duty, and violations of the Texas Theft Liability Act with respect to certain property. (Docket Entry No. 3). Secure Cash Network filed an amended complaint, (Docket Entry No. 6), to comply with the federal pleading requirements and to add counts for conversion and money had and received, and filed a response to the motion, (Docket Entry No. 7). Based on the pleadings – including the amended pleading – the motion and response, and the applicable law, the motion to dismiss is denied. The reasons are explained below.

**I.    The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

127 S. Ct. 1955, 1964 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 127 S. Ct. at 1969 ("*Conley's* 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974). In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). "'Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual

allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965 n.3). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65); *see also In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 127 S. Ct. at 1966) (internal quotations omitted). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *See Elsensohn*, 530 F.3d at 571-72.

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are

unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citations omitted). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face."  6 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'") (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999)); *see also Great Plains Trust Co.*, 313 F.3d at 329.

## II.     Analysis

This case arises from what the defendant characterizes as a "contractual and banking relationship" between it and Washington Federal's predecessor, First Federal Bank.  In the original pleading filed in state court, the fraud claim did not include the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  Count 5 of the amended complaint provides the information as to the "particulars of time, place, and contents of the false representations," with the "identity of the person making the misrepresentation and what that person obtained thereby. . . ."  *See Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384 (5th Cir. 2003).  The motion to dismiss the fraud claim is moot as a result of the amended complaint.

Washington Federal also moved to dismiss the breach of fiduciary relationship claim.

That cause of action is not in the amended complaint. The motion to dismiss is moot.

Finally, Washington Federal moved to dismiss the claim under the Theft Liability Act on the basis that of the three accounts at issue, the complaint did not allege that Secure Cash Network owned two of them. In the amended complaint, Secure Cash Network alleges facts supporting its possessory interest in the accounts and how that interest was greater than that of Washington Federal. Secure Cash Network alleged that it became liable for all cardholder funds in the accounts when Washington Federal "appropriated" cardholder and third-party distributor funds without permission. The pleading deficiency identified in the motion to dismiss appears to have been remedied.

### III.  Conclusion

The motion to dismiss is denied as moot as a result of the amended complaint.

SIGNED on July 29, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge